## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CIVIL ACTION No. |
| PLAINTIFF | |
| v. | JURY DEMAND |
| U.S. SECURITY ASSOCIATES, INC. D/B/A ALLIED UNIVERSAL, | |
| DEFENDANT. | |

### ORIGINAL COMPLAINT
### OF THE
### UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NATURE OF THE ACTION

1.      This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended by the Pregnancy Discrimination Act ("PDA"), and as otherwise amended, and the Civil Rights Act of 1991, as amended, to correct unlawful employment practices on the basis of sex, female, and pregnancy and to provide appropriate relief to Charging Party Terrica Bailey, (formerly Terrica Johnson) ("Bailey"). As alleged with greater particularity in paragraphs 16-24 below, Defendant U.S. Security Associates, Inc. ("USSA") d/b/a Allied Universal has engaged in unlawful discrimination in taking adverse employment actions, including termination, against Bailey because of her sex, female, and her pregnancy.

### JURISDICTION AND VENUE

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to 706(f)(1) and (3) of Title VII of the

Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. The unlawful employment practices alleged in this complaint were committed within the State of Louisiana. Venue is appropriate in this Court.

## PARTIES

4. Plaintiff Equal Employment Opportunity Commission ("Plaintiff" or the "Commission") is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and the PDA, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5. Defendant USSA is a Delaware company doing business in the State of Louisiana, including, during the relevant time period, at the address of 2644 S. Sherwood Forest Blvd., Baton Rouge, Louisiana 70714. USSA was acquired by and/or does business as Allied Universal, a Pennsylvania corporation doing business in the State of Louisiana.

6. At all relevant times, Defendant has continuously been a corporation doing business in the State of Louisiana, and has continuously had, or during the relevant time period had, at least fifteen (15) employees.

7. At all relevant times, Defendant has continuously been a covered employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

8. More than thirty days prior to the institution of this lawsuit, Bailey filed a charge of discrimination with the Commission under the name Terrica Johnson alleging violations of Title VII and the PDA by Defendant.

9.      On February 10, 2020, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII and the PDA were violated. The Commission then invited Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

10.      The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

11.      The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12.      On June 16, 2020, the Commission issued to Defendant a Notice of Failure of Conciliation.

13.      All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

14.      Bailey, female, was employed by Defendant USSA, a security guard company. During her employment, Bailey's legal name was Terrica Johnson. In or about October 2018, Allied Universal, which describes itself as "a leading security and facility services company with locations in North America and key International markets," acquired USSA and purports to have integrated USSA's operations with its own.

15.       Bailey began employment with Defendant as a uniformed security guard on or about February 8, 2017, at Defendant's ExxonMobil worksite in Baton Rouge, Louisiana, working at the main gate of the facility. Her duties included, but were not necessarily limited to, checking passenger vehicles entering and exiting the gate, and checking cards and badges needed for entry.

3

16.     Since at least June 2017, Defendant has engaged in unlawful employment practices on the basis of sex, female, and pregnancy, in violation of Sections 701(k) and 703(a)(1) of Title VII, 42 U.S.C. §§ 2000e(k) and 2000e-2(a)(1).

17.     In June 2017, Bailey learned she was pregnant, and informed her male supervisors. In July 2017, Bailey began having morning sickness as a result of her pregnancy which lasted for only a couple of weeks. While she was experiencing morning sickness, Bailey was replaced at ExxonMobil's main gate by a less experienced, less qualified male employee and reassigned to a more strenuous post. Bailey did not want or request the reassignment.

18.     On her first day at her new assignment in late July 2017, Bailey reported to Defendant that she was experiencing physical strain as a result of the more strenuous duties associated with the new assignment. Defendant instructed her to obtain a doctor's note regarding any restrictions and need for accommodation she may have, and to request another post. Bailey, who never wanted to leave the main gate, did as she was instructed in order to keep her job. On or about July 30, 2017, Bailey requested in writing to be moved to a less strenuous position, which would have included her previous assignment at the main gate, so as to not endanger her pregnancy. The request was supported by a doctor's note.

19.     Rather than return Bailey to her previous position, in or about early August 2017, Defendant took Bailey off the schedule entirely and refused to allow her to work in any position. Bailey's supervisors advised her to contact the branch office for reassignment to a different location or work site. Bailey did as she was instructed, but her repeated calls to Defendant's local branch manager went unanswered.

20.     On August 18, 2017, Bailey visited the branch office to inquire in person about returning to work and was told that she had "basically quit" her job by submitting her written

4

transfer request and doctor's note regarding what Defendant referred to as "light duty." Bailey asked what she could do to return to work. Defendant told her she would have to obtain a doctor's note clearing her to work without restriction. Bailey immediately contacted her physician who faxed Defendant a note, dated August 18, 2017. The note stated that Bailey was allowed to work while pregnant with no restrictions. Bailey also informed the branch manager verbally that she was ready and able to return to work with no restrictions.

21.     On or about August 18, 2017, Defendant received the doctor's note which constituted a release for Bailey to return to work without restrictions. However, Defendant failed to ever acknowledge receipt of the release during the remainder of Bailey's employment, despite her numerous inquiries regarding Defendant's receipt of the release and her multiple attempts to return to work.

22.     Instead, Defendant ignored Bailey's full medical release, insisted that she had requested an "accommodation," and demanded that she submit a request and documentation for medical leave, or, in the alternative, another "accommodation," after Defendant had received her release to return to work. During written and verbal exchanges with Defendant, including email exchanges during the time period of September 21 - October 3, 2017, Bailey repeatedly informed Defendant that she did not need leave or any other accommodation because she had been fully released to return to work.

23.     Despite her multiple requests, both written and verbal, Defendant refused to ever permit Bailey to return to work. Instead, Defendant terminated Ms. Bailey on October 11, 2017, purportedly for "inactivity."

24.     At all relevant times, Defendant knew that Bailey was pregnant. Defendant subjected Bailey to adverse employment actions, including reassignment, removal from the

5

schedule, failure to return her to work, and termination, because of her sex, female, and her pregnancy, in violation of Title VII and the PDA. The effect of these unlawful practices has been to deprive Bailey of equal employment opportunities, and to otherwise adversely affect her status as an employee, because of her sex, female, and her pregnancy.

25.     The unlawful employment acts, omissions and practices complained of in paragraphs 16-24 above were intentional within the meaning of Section 706(g)(1) of Title VII, 42 U.S.C. § 2000e-5(g)(1).

26.     The unlawful employment practices complained of in paragraphs 16-24 above were done with malice or with reckless indifference to Bailey's federally protected rights, within the meaning of Section 102(b)(1) of Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b)(1).

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in discrimination because of sex and/or pregnancy.

B.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for female and pregnant employees, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant to make whole Terrica Bailey by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices described in paragraphs 16-24 above, including, but not limited to, reinstatement of Terrica Bailey, where appropriate, or an award of front pay in an amount to be proved at trial if reinstatement is impractical.

D.      Order Defendant to make whole Terrica Bailey by providing compensation for past

and future pecuniary losses resulting from its unlawful employment practices described in

paragraphs 16-24 above, including, but not limited to, the value of lost insurance benefits, job

search expenses, and other out-of-pocket expenses in amounts to be determined at trial.

E.      Order Defendant to make whole Terrica Bailey by providing compensation for past

and future non-pecuniary losses resulting from its unlawful practices complained of in paragraphs

16-24 above, including, but not limited to, emotional pain, suffering, inconvenience, loss of

enjoyment of life, and humiliation, in amounts to be determined at trial.

F.      Order Defendant to pay Terrica Bailey punitive damages for its malicious and

reckless conduct, as described in paragraphs 16-24 above, in amounts to be determined at trial.

G.      Grant such further relief as the Court deems necessary and proper in the public

interest.

H.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

SHARON FAST GUSTAFSON
General Counsel

ROBERT CANINO
Acting Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
U.S. Equal Employment Opportunity Commission

131 M Street, N.E.
Washington, D.C. 20507

RUDY SUSTAITA
Regional Attorney
U.S. Equal Employment Opportunity Commission
Leland Federal Building
1919 Smith Street, 6th floor
Houston, Texas 77002

/s/ Gregory T. Juge
GREGORY T. JUGE
Supervisory Trial Attorney
U.S. Equal Employment Opportunity Commission
New Orleans Field Office
Hale Boggs Federal Building
500 Poydras Street, Suite 809
New Orleans, LA 70130
Phone: (504) 676-8239
Fax: (504) 595-2886
gregory.juge@eeoc.gov
Louisiana Bar No. 20890

CONNIE WILHITE GATLIN (Lead Counsel)
Senior Trial Attorney
U.S. Equal Employment Opportunity Commission
1919 Smith St., 6th Floor
Houston, Texas 77002
Phone: (346) 327-7710
Fax: (713) 651-7995
connie.gatlin@eeoc.gov
Texas Bar No. 00792916

ANDREW B. KINGSLEY
Trial Attorney
U.S. Equal Employment Opportunity Commission
New Orleans Field Office
Hale Boggs Federal Building
500 Poydras Street, Suite 809
New Orleans, LA 70130
Phone: (504) 635-2533
Fax: (504) 595-2886
andrew.kingsley@eeoc.gov
Louisiana Bar No. 35865

8

REGISTERED AGENT FOR SERVICE OF PROCESS:

C T CORPORATION SYSTEM
3867 PLAZA TOWER DR.
BATON ROUGE, LA 70816